UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**IAN E. BEGGS and J.B.,**

　　**Plaintiffs,**

v.　　　　　　　　　　　　　　　　　　Case No: 5:23-cv-106-BJD-PRL

**STEPHEN QUINN, RAMON RIVERA,
MICHAEL SANCHEZ and
MUNICIPAL CORPORATION OF
CITRUS COUNTY,**

　　**Defendants.**

## Order

Plaintiff, Ian E. Beggs, who is proceeding pro se, filed an amended complaint against Citrus County and various individuals who are law enforcement officers with the Citrus County Sheriff's Department, asserting claims on behalf of himself and his minor child. (Doc. 7).[1] Plaintiff seeks to proceed *in forma pauperis*. (Doc. 6). For the reasons explained below, Plaintiff's second motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given a third opportunity to amend his complaint.

**I.　Legal Standards**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review

---

[1] While Plaintiff, Ian E. Beggs, purports to assert claims on behalf of his minor son, J.B., this Order only refers to Mr. Beggs as Plaintiff because a non-attorney parent cannot represent their minor child in a pro se action. *See* discussion *infra* Section II.

the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

## II. DISCUSSION

In accordance with this Court's Order taking under advisement Plaintiff's first motion to proceed *in forma pauperis*, Plaintiff has filed an amended *in forma pauperis* application and an amended complaint. (Docs. 5, 6, & 7). In his nine-page amended complaint, Plaintiff asserts three Counts: Count I, a 42 U.S.C. § 1983 claim against the individual defendants for false imprisonment in violation of the Fourth and Fourteenth Amendments; Count II, a § 1983 *Monell* claim against Citrus County for false imprisonment; and Count III a Florida law claim for assault and battery against all defendants.

As alleged in the amended complaint, these claims arise from a traffic stop and Plaintiff's subsequent arrest on May 8, 2021. (Doc. 7 at ¶ 13). Plaintiff was driving with his minor child, J.B., when Defendants Stephen Quinn and Ramon Rivera, "who were in uniform and driving clearly marked Citrus County Sheriff Department vehicles, activated their emergency equipment and pulled in behind [Plaintiff]'s vehicle and followed him into a parking lot." *Id.* at ¶¶ 5, 13, 14. Defendant Quinn "approached the [p]laintiff's vehicle and requested to see [his] driver's license and vehicle registration." *Id.* at ¶ 16. Apparently "[u]nsatisfied with [Plaintiff]'s response, [Defendant] Quinn first insulted, then threatened [Plaintiff] in front of his son." *Id.* at ¶ 17. Plaintiff "requested the Deputy's [sic] supervisor come to the scene." *Id.* at ¶ 18. "Rather than issue a ticket for vehicle registration, [Defendant] Quinn arrested" Plaintiff. *Id.* at ¶ 19.

Allegedly, "[r]ather than issue a ticket for vehicle registration, [Defendant] Quinn arrested" Plaintiff. (Doc. 7 at ¶ 19). "Without consent, [Defendant] Quinn opened the driver side door and, while brandishing a deadly weapon, told [Plaintiff] to get out of the vehicle." *Id.* at ¶ 20. "Despite having [Plaintiff]'s vehicle blocked in and [Plaintiff] presenting no threat, . . . [Defendants] Quinn and Rivera, by threat of deadly force, coerced [Plaintiff] out of the vehicle and put him in handcuffs." *Id.* at ¶ 22. Apparently, "[i]n less than 90 seconds, [Plaintiff] was insulted, threatened, then arrested, searched, handcuffed and detained in the back of [Defendant] Quinn's vehicle." *Id.* at ¶ 23.[2] Plaintiff "was not informed of any crime that he was reasonably suspected of committing." *Id.* at ¶ 24. Apparently, Defendant "Quinn's supervisor, [Defendant Michael] Sanchez, arrived on the scene and consented to the deputies [sic] actions and [Plaintiff]'s detention." *Id.* at ¶¶ 11, 25. Plaintiff "was . . . taken to the Citrus County Detention Facility where he was detained for 50 hours and processed as a criminal." (Doc. 7 at ¶ 26). Finally, "Plaintiff was not issued any *Miranda* notice." *Id.* at ¶ 27.

As an initial matter, Plaintiff's amended complaint attempts to assert, for the first time, claims on behalf of J.B., his minor son, who is fifteen years old. (Doc. 7 at ¶ 5). Notably, the amended complaint uses J.B.'s full name, rather than his initials. However, under Federal Rule of Civil Procedure 5.2, a party's filing "may include only . . . the minor's initials[.]" Fed. R. Civ. P. 5.2(a)(3); *see* M.D. Fla. Administrative Procedures for Electronic Filing, Part I, https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-administrative-procedures-for-electronic-filing-12-1-2022.pdf (stating that a pro se litigant is responsible for redacting minor child's name and replacing it with their initials); *see also Tisby v. Fam. Dollar Stores of*

---

[2] Plaintiff footnotes a "video exhibit" at the end of this paragraph, however it is unclear what, if anything, he is referencing, as no video has been provided to the Court. (Doc. 7 at ¶ 23 n.1).

*Fla., LLC*, No. 3:21-CV-1218-MMH-MCR, 2021 WL 5908858, at *1–2 (M.D. Fla. Dec. 14, 2021). It is Plaintiff's responsibility to redact his own filings, omitting J.B.'s name and only including his initials where necessary. *See* M.D. Fla. Administrative Procedures for Electronic Filing, Part I; *see also Tisby*, 2021 WL 5908858, at *1–2 (striking notice of removal and attached exhibit which had minor child's first and last name, directing Clerk to remove them from the docket, and directing party to file a properly redacted amended notice).

Next, although the amended complaint asserts claims on behalf of J.B., "parents who are not attorneys may not bring a pro se action on their child's behalf." *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (noting, under Federal Rule of Civil Procedure 17(c), a parent may sue on behalf of their minor child, but a non-attorney parent may not act as child's legal counsel in such an action) (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir.1997)); *see Figueroa v. Comm'r of Soc. Sec.*, No. 8:16-CV-1343-T-33JSS, 2016 WL 11578639, at *2 (M.D. Fla. Sept. 1, 2016), *report and recommendation adopted*, 2016 WL 11578640 (M.D. Fla. Sept. 23, 2016) (denying motion to proceed in forma pauperis and dismissing complaint with prejudice where Plaintiff, a non-attorney, sought to bring a pro se action on her son's behalf). Hence, Plaintiff, as a non-attorney, cannot bring a pro se action on his son's behalf or otherwise represent him in this action.

Accordingly, the amended complaint, asserting each count on behalf of Mr. Beggs *and* J.B., fails to state a claim upon which relief can be granted. However, out of an abundance of caution, Plaintiff will be given an opportunity to file a second amended complaint, and if he so chooses, he must follow the Federal Rules of Civil Procedure and this District's rules governing redaction.

### III. Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 6) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **May 11, 2023**, to file a second amended complaint. The second amended complaint must comply with all pleading requirements contained in Rules 5.2, 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding pro se, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discoveryhandbook).

**DONE** and **ORDERED** in Ocala, Florida on April 10, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties