United States District Court
Middle District of Florida
Ocala Division

I<small>AN</small> E. B<small>EGGS</small>

   *Plaintiff*

   v.

S<small>TEPHEN</small> Q<small>UINN</small>,
R<small>AMON</small> R<small>IVERA</small>,
M<small>ICHAEL</small> S<small>ANCHEZ</small>,
J<small>AMES</small> M<small>ERRITT</small> &
M<small>ICHAEL</small> P<small>RENDERGAST</small>

   *Defendants*
_____/

Case No.

5:23-cv-106-BJD-PRL

**COMPLAINT AND DEMAND FOR JURY TRIAL ON ALL COUNTS**

W<small>HEREFORE</small> comes Ian E. Beggs, as one of the sovereign people of the State of Florida bringing this verified complaint and hereby alleges….

**PRELIMINARY STATEMENT**

This action seeks to vindicate and protect the Plaintiff's rights and to correct the wrongs inflicted upon the Plaintiff by the named Defendants from this Court under authority of the United States Constitution, the Florida Constitution, and title 42 U.S.C. § 1983, et sq.

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is founded on the existence of a federal question pursuant to 28 U.S.C. § 1331, with supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the deprivation of civil rights pursuant to 28 U.S.C. § 1343.

2. Venue is proper in this judicial district under 28 U.S.C. §1391 (b) and (c) because Plaintiffs and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiffs' claims occurred within this district.

**PARTIES**

3. Plaintiff Ian E. Beggs resides within the state of Florida and within this judicial district. At the time of the incident the Plaintiff was not a resident of Florida, having just left Hawaii, and had not yet decided if he would stay in Florida.

4. Defendant Stephen Quinn is an inhabitant of Citrus County and a Deputy of Citrus County Sheriff's Office, a for-profit business operating within this judicial district. Defendant Quinn acted toward the Plaintiff under the color of statutes, practices, customs, policies, and usage of the STATE OF FLORIDA, within the scope of his employment. Quinn is sued in his official and individual capacity.

5. Defendant Ramon Rivera, is an inhabitant of Citrus County and a Deputy of Citrus County Sheriff's Office, a for-profit business operating within this judicial district. Defendant Rivera acted toward the Plaintiff under the color of statutes, practices, customs, policies, and usage of the STATE OF FLORIDA, within the scope of his employment. Rivera is sued in his official and individual capacity.

6. Defendant Michael Sanchez, is an inhabitant of Citrus County and a Deputy of Citrus County Sheriff's Office, a for-profit business operating within this judicial district. Defendant Sanchez acted toward the Plaintiff under the color of statutes, practices, customs,

policies, and usage of the STATE OF FLORIDA, within the scope of his employment. Sanchez is sued in his official and individual capacity.

7. Defendant James Merritt, is an inhabitant of Citrus County and a Deputy of Citrus County Sheriff's Office, a for-profit business operating within this judicial district. Defendant Merritt acted toward the Plaintiff under the color of statutes, practices, customs, policies, and usage of the STATE OF FLORIDA, within the scope of his employment. Merritt is sued in his official and individual capacity.

8. Defendant Mike Prendergast is the Citrus County Sheriff and an inhabitant of Citrus County. The Citrus County Sheriff's Office is a for-profit business operating within this judicial district. Defendant Prendergast maintains practices, customs and policies which brazenly disregard federally protected rights. Prednergast is sued in his official and individual capacity.

**FACTS RELEVANT TO ALL CLAIMS**

9. At approximately 10:00 am Saturday, 8 May 2021, Plaintiff and his son JB were traveling southbound on public highway 19, in Crystal River, Florida. JB was in the passenger seat.

10. Defendants Quinn and Rivera, who were in uniform and driving clearly marked Citrus County Sheriff Office vehicles, activated their emergency equipment and pulled in behind the Plaintiff's vehicle and followed him into a parking lot.

11. Quinn approached the Plaintiff's vehicle, asked the Plaintiff why he was pulled over and then asked to see the Plaintiff's driver's license and vehicle registration.

12. In response to Plaintiff's answer, Quinn first insulted, then threatened the Plaintiff in front of his son.[1]

13. The Plaintiff requested Quinn's supervisor come to the scene.

14. Rather than issue a citation for allegedly violating § 320.02(1), Fla. Stat. (2021), in less than 90 seconds and without exigent circumstances, Quinn, by threat of violence, coerced the Plaintiff from his car, placed the Plaintiff in handcuffs and then detained the Plaintiff in the back of his squad car.

15. The Plaintiff was not informed of any crime that he was suspected of committing.

16. Quinn's supervisor, Sanchez, arrived on the scene and consented to the deputies actions and Plaintiff's arrest.

17. The Plaintiff was not issued any Miranda notice.

18. Rivera had the Plaintiff's car impounded.

19. The Plaintiff was then taken to the Citrus County Detention Facility and processed as a criminal.

20. Quinn falsified the arrest affidavit[2] with spurious claims and legal determinations about the Plaintiff.

---

1  Video Exhibit
2  Exhibit 2

21. Defendant Merritt signed the arrest affidavit as the certifying officer, committing the Plaintiff to the Citrus County Detention Facility.

22. Plaintiff's wife posted $500 bail on the afternoon of 8 May 2021.

23. Defendant Merritt brought the bond paperwork to the holding cell for the Plaintiff to sign. While Plaintiff was signing the paperwork, Defendant Merritt ripped the paper from his hands, yelled obscenities at him and slammed the cell door.

24. Plaintiff was held for over 50 hours, not being released until the afternoon of 10 May 2021.

## **COUNT I**

Deprivation of Rights Under Color of Law - Title 42 U.S.C. § 1983

Defendant Quinn

25. This cause of action is brought against Defendant Quinn for his willful disregard to the miss-application of state law resulting in the deprivation of the Plaintiff's constitutionally protected rights within the meaning of Title 42 U.S.C. § 1983.

26. The Plaintiff's reasonable expectation to be secure in his person, papers and effects and the guarantee of due process of law were violated with reckless abandon by Defendant Quinn who knew, or should have known (because the Plaintiff was telling him while being arrested) that his arbitrary and capricious actions were contrary to clearly established law requiring objective

reasonableness in light of the entirety of the circumstances while violating federally protected rights pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

27. Defendant Quinn, acting in his individual, official, and professional capacities, under the color of authority through a clear and affirmative abuse of power with the intent to deprive the Plaintiff of his liberty, did violate Plaintiff's substantive and procedural due process rights under color of state law.

## **COUNT II**

State Law False Imprisonment

Defendant Quinn

28. This cause of action is brought against Defendant Quinn for his warrant-less arrest of the Plaintiff and willful disregard for his substantive and procedural due process rights.

29. Quinn took the Plaintiff to the Citrus County Detention Facility for the purpose of booking and detaining him, and by his own admission, made no attempt to bring the Plaintiff before a proper judge or Court as required by due process.

## **COUNT III**

State Law Assault and Battery

Defendant Quinn

30. This cause of action is brought against Defendant Quinn for the insults, threats, harassment, & assaults and battery upon the Plaintiff, including arrest, handcuffing and imprisonment.

## COUNT IV

Title 42 U.S.C. § 1983 - Civil action for deprivation of rights

Defendant Rivera

31. This cause of action is brought against Defendant Rivera for his willful indifference to the miss-application of state law resulting in the deprivation of the Plaintiff's constitutionally protected rights within the meaning of Title 42 U.S.C. § 1983.

32. The Plaintiff's reasonable expectation to be secure in his person, papers and effects and the guarantee of due process of law were violated with reckless abandon by Defendant Rivera who knew, or should have known (because the Plaintiff was telling him while being arrested) that his arbitrary and capricious actions were contrary to clearly established law requiring objective reasonableness in light of the entirety of the circumstances while violating federally protected rights pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

33. Defendant Rivera, acting in his individual, official, and professional capacities, under the color of authority through a clear and affirmative abuse of power with the intent to deprive Plaintiff of his liberty, did assist Defendant

Quinn in violating Plaintiff's substantive and procedural due process rights under color of state law.

## COUNT V

State Law False Imprisonment

Defendant Rivera

34. This cause of action is brought against Defendant Rivera for his assistance in the warrant-less arrest and detention of the Plaintiff with wanton disregard for the Plaintiff's substantive and procedural due process rights.

## COUNT VI

State Law Assault and Battery

Defendant Rivera

35. This cause of action is brought against Defendant Rivera for the assaults and battery upon the Plaintiff, including arrest, handcuffing and imprisonment.

## COUNT VII

Title 42 U.S.C. § 1983  - Civil action for deprivation of rights

Defendant Sanchez  (supervisor)

36. This cause of action is brought against Defendant Sanchez for his willful indifference to Plaintiff's federally protected rights and the miss-application of

state law resulting in the deprivation of the Plaintiff's constitutionally protected rights within the meaning of Title 42 U.S.C. § 1983.

37. The Plaintiff's reasonable expectation to be secure in his person, papers and effects and the guarantee of due process of law were violated with reckless abandon by Defendant Sanchez who knew, or should know as a supervisor, that his Deputies (Quinn and Rivera) arbitrary and capricious actions were contrary to clearly established law requiring objective reasonableness in light of the entirety of the circumstances while violating federally protected rights pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

38. Defendant Sanchez, acting in his individual, official, and professional capacities, under the color of authority through a clear and affirmative abuse of power with the intent to deprive Plaintiff of his liberty, did fully condone Defendants Quinn and Sanchez actions in violating Plaintiff's substantive and procedural due process rights under color of state law.

## COUNT VIII

State Law False Imprisonment

Defendant Sanchez

39. This cause of action is brought against Defendant Sanchez for his supervisory role in the warrant-less arrest of the Plaintiff and willful indifference to Plaintiff's substantive and procedural due process rights.

## COUNT IX

Title 42 U.S.C. § 1983 - Civil action for deprivation of rights

Defendant Merritt

40. This cause of action is brought against Defendant Merritt for his willful indifference to Plaintiff's federally protected rights and the miss-application of state law resulting in the deprivation of the Plaintiff's constitutionally protected rights within the meaning of Title 42 U.S.C. § 1983.

41. Defendant Merritt signed the arrest affidavit as certifying official, authorizing the Plaintiff's committal into the Citrus County Detention Facility and thereby impersonating a judicial officer.

42. Defendant Merritt prohibited the Plaintiff from signing the bond paperwork without reason or explanation, intentionally and maliciously prolonging his detention.

## COUNT X

Title 42 U.S.C. § 1983 - Civil action for deprivation of rights

Defendant Prednergast (Citrus County Sheriff)

43. Defendant Prednergast knows or should know, that his written policy, General Order 601.00 *Arrest Procedures/Search And Seizure/Rights Of Arrestees*[3] is a bill of attainder (pains and punishment) which circumvents the due process and equal protection clauses of the Fourth, Fifth and Fourteenth

---

[3] Exhibit 2

Amendments by authorizing unbridled abuse of power and encouraging its deputies to disregard the long established standards of objective reasonableness.

44. Citrus County Sheriff's Office has a long history of using threats, coercion, intimidation and violence to prosecute petty crimes, County ordinances and traffic misdemeanors as if they were violent crimes and simulates legal process in so doing.

45. Citrus County Sheriff's Office trains its Deputies to falsify arrest affidavits and make legal determinations about citizens in order to execute these false arrests designed to extort the sovereign people for money under color of state law.

**PRAYER FOR RELIEF**

WHEREFORE comes Plaintiff and moves this Honorable Court grant relief:

A) Nominal damages as this Honorable Court sees fit.

B) Punitive damages against Defendants Quinn, Rivera, Sanchez, Merritt and Prednergast in the amount of $20,000 each or as this Honorable Court sees fit.

C) General compensatory damages in the amount of $5,000,000.00 for the ruthless and outrageous violations of federally protected rights exacerbated by the Defendant's extraordinarily callous and cavalier attitude under the circumstances compounding the already unreasonable and unnecessary emotional trauma, humiliation, embarrassment and stress to the Plaintiff and his family:

1. Reckless and invidious violation of Liberty, privacy and due process.

2. Detention for 50 hours over Mother's Day weekend.

3. Arrested in 90 seconds in front of his 13 year old son.

D) Pursuant to 28 U.S.C. § 1988 for reasonable attorney fees.

E) Recovery of vehicle impound costs.

F) Injunctive Order to correct the Citrus County Sheriff's Office unlawful arrest policy and train its deputies to execute their duties in accordance with the law of the land.

G) Any such other and further relief as this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated this 11th day of August 2023

Ian E. Beggs,

Plaintiff in *propria persona*

6752 W. Gulf to Lake Hwy, 145

Crystal River, Florida  34429

808-426-6823

ian.e.beggs.cc@gmail.com